**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TWILA F.[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendants.

Case No. 3:22-cv-129

Bowman, M.J.

**MEMORANDUM OF OPINION AND ORDER**

Plaintiff Twila F. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents two claims of error, both of which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **AFFIRMED**, because it is supported by substantial evidence in the administrative record. The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

**I. Summary of Administrative Record**

On February 11, 2020, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging she became disabled on October 17, 2017, based upon a combination of physical and mental impairments. After her claim was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an ALJ. At a telephonic hearing held on March, 2021, Plaintiff appeared with counsel and gave testimony before ALJ Gregory Kenyon. Vocational Expert Karen

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

Schneider also appeared by telephone. On April 23, 2021, the ALJ issued a written decision, concluding that Plaintiff was not disabled. (Tr. 20-36).

Plaintiff was born on August 22, 1978 and was 42 years old at the time of the administrative hearing. (Tr. 48). She has a high school education and about 1.5 years of college credits. (Tr. 34). She has past relevant work as a hair stylist and sub-assembler. (Tr. 34).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "obesity, degenerative disc disease of the lumbosacral spine, osteoarthritis of the knees, fibromyalgia, chronic obstructive pulmonary disease, type II diabetes, mellitus, hepatitis C, mild idiopathic neuropathy and right shoulder arthritis." (Tr. 23). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform sedentary work subject to the following limitations:

> (1) No crawling, crouching, kneeling, or climbing ladders, ropes or scaffolds; (2) occasional stooping, balancing, and climbing of ramps and stairs; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) frequent use of the right upper extremity for overhead reaching; (5) no concentrated exposure to temperature extremes or respiratory irritants.

(Tr. 30).

Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could not perform her prior work, but could perform other jobs that exist in significant numbers in the national economy, including document preparer, sorter and inspector. (Tr. 35). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and/or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) failing to find Plaintiff's mental impairments to be a severe impairment at Step Two of the Sequential Evaluation; and (2) failing to include the use of any ambulatory aid in his RFC assessment. Upon close analysis, I conclude that Plaintiff's arguments are not well-taken.

I. Analysis

A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial

evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an

impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job.  42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

*1. Step-two finding*

Plaintiff's first assignment of error assert that the ALJ erred in failing to find any mental health impairment to be severe impairments and failing to incorporate any mental limitations in her RFC finding.  Plaintiff's contentions will be addressed in turn.

For an impairment to be "severe," it must be expected to last more than 12 months and more than "minimally" affect a claimant's work ability.  See 42 U.S.C. § 423(d)(1)(A); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) ("an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience").

 Here, the ALJ found that Plaintiff had the following severe impairments: obesity, degenerative disc disease of the lumbosacral spine, osteoarthritis of the knees, fibromyalgia, chronic obstructive pulmonary disease, type II diabetes, mellitus, hepatitis C, mild idiopathic neuropathy and right shoulder arthritis. (Tr. 23). The ALJ also noted that Plaintiff had several non-severe impairments.  Notably, at step two the ALJ expressly discussed Plaintiff's alleged mental impairments.  (Tr. 26-28).  The ALJ noted that Plaintiff has a history of depression and anxiety.  (Tr. 26).

In evaluating Plaintiff's mental impairments, the ALJ also considered the findings of Paul Tangeman, Ph.D. and Leslie Rudy, Ph.D. (Tr. 26). Notably, in August 2020 and September 2020 respectively, Drs. Tangemen and Dr. Rudy reviewed the relevant records and determined that Plaintiff did not have a "severe" mental impairment. (Tr. 27).

Specifically, both noted that Plaintiff's mental status examinations were consistently unremarkable and explained that Plaintiff's symptoms would have "no more than a minimal effect on [her] ability to work." Id. The ALJ determined that the opinions of the state agency reviewing psychologists "substantially persuasive." (Tr. 27-28).

Plaintiff, however, contends that the record documents Plaintiff's long history of mental health impairments and symptoms including bipolar disorder and depression. In this regard, Plaintiff argues that depression, anxiety, and bipolar disorder were described as chronic conditions." (See, Tr. 3526, 3573, 3577, 3579, 3590). Namely, on April 21, 2020, Plaintiff reported symptoms including anxiety, emotional lability, depression, initial insomnia, and middle-night awakening. (Tr. 3662). Plaintiff further noted that her psychiatrist advised her not to combine amitriptyline with her Bipolar medications. (Tr. 3660-3661). Plaintiff further contends that a mood survey indicated that she was "Extremely" anxious, nervous, worried, frightened, or apprehensive, and tense or on edge. (Tr. 2769). Plaintiff also points to treatment notes from June 2020, which indicated diagnosis of Anxiety and Depression in addition to Bipolar Affective Disorder. (Tr. 3573, 3577). Such conditions were diagnosed as "Chronic." (Tr. 3573). In light of the foregoing, Plaintiff argues that such evidence meets the de minimis standard and constitutes more than a slight abnormality having more than a minimal effect on her work abilities. Plaintiff's contention is unavailing.

It is well-settled that a mere diagnosis does not indicate the severity of an impairment, nor does it prove disability. *Young v. Sec'y of HHS*, 925 F.2d 146, 151 (6th Cir. 1990) (diagnosis of impairment does not indicate severity of impairment). The ALJ reasonably determined that a diagnosis without supporting objective signs did not

constitute an impairment resulting in more than minimal work-related limitations. (Tr. 49, 50). See C.F.R. § 404.1521 ("Your impairment(s) must result from…psychological abnormalities that can be shown by medically acceptable clinical…techniques").

As noted by the Commissioner, it is Plaintiff's burden to produce "sufficient evidence to show the existence of a disability." *Watters v. Comm'r of Soc. Sec. Admin.*, 530 F. App'x 419, 425 (6th Cir. 2013); see also C.F.R. § 404.1512(a). If she possessed advantageous evidence (e.g., treatment notes with a psychiatric provider or a medical opinion supporting greater limitations than those found by the ALJ) from the relevant period she should have submitted such. The ALJ found sufficient information in the record to render a determination, she had no obligation to seek additional evidence. *Wilson v. Comm'r of Soc. Sec. Admin*, 280 Fed. Appx. 456, 459 (6th Cir. 2008) (There is no special duty on the ALJ to develop the record when claimant is represented, capable of presenting an effective case, and familiar with hearing procedures).

Plaintiff further argues that the ALJ improperly relied on the finding of Drs. Tangemen and Rudy. Namely, Plaintiff contends that the state agency psychologists' opinions were based on a review of only a few months of medical evidence and did not consider any evidence prior to 2020. Plaintiff further contends that their opinions were internally inconsistent. Plaintiff's contentions lack merit.

As noted by the Commissioner, Dr. Tangeman and Dr. Rudy provided the only medical opinions in the record. Both reviewed the relevant records and determined that Plaintiff did not have a "severe" mental impairment (Tr. 27, 149-50, 158-59, 168, 175). They found that mental status examinations were consistently unremarkable and explained that Plaintiff's symptoms would have "no more than a minimal effect on [her]

ability to work." Id.  Notably, they also found that here was "insufficient evidence" prior to Plaintiff's date last insured of September 30, 2019, to assess her mental impairments. Thus, despite Plaintiff's contentions to the contrary, Drs. Tangeman and Rudy did consider evidence prior to 2020.  Upon careful review, the undersigned finds that the ALJ properly determined that these opinions were persuasive as they were consistent with the evidence and supported (Tr, 27-28). See 20 C.F.R. § 404.1520c(c)(1)-(2) (supportability and consistency are the most important factors to consider when weighing a medical opinion).

Here, the ALJ properly found that there is no evidence that any of Plaintiff's non-severe impairments imposed more than minimal functional limitations on the Plaintiff's ability to perform work related activity.  At step two, Plaintiff bears the burden of showing her alleged impairments affect her more than minimally and, in light of this evidence, it was reasonable for the ALJ to find she was unable to do so. *See Watters v. Comm'r of Soc. Sec.*, 2013 WL 3722099 at *2 (6th Cir. July 17, 2013) ("Although the standard is de minimis, the plaintiff still bears the burden of demonstrating that he suffers from a medically determinable . . . impairment."). In short, the ALJ found that Plaintiff had at least one severe impairment and then properly proceeded to the third step of the evaluation process. (Tr. 23). In other words, "[b]ecause the ALJ found that [Plaintiff] had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence." *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003); see also *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (where the ALJ found that claimant had a severe

8

impairment, "[t]he fact that some of [claimant's] impairments were not deemed to be severe at step two is [] legally irrelevant.").

Accordingly, the undersigned finds that substantial evidence supports the ALJ's step two finding. See *Longworth v. Comm'r of Soc. Sec*, 402 F.3d 591, 595 (6th Cir. 2005) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.").

*2. Ambulatory Aid*

Plaintiff's second assignment of error asserts that the ALJ's RFC assessment failed to consider Plaintiff's use of a cane. As detailed above, the RFC is the most Plaintiff can still do despite the physical and mental limitations resulting from his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Poe v. Comm'r of Soc. Sec.,* 342 F. App'x 149, 155-56 (6th Cir. 2009) (citing the regulations). Plaintiff has the burden to provide evidence to establish her RFC. See 20 C.F.R. § 404.1545(a)(3); SSR 96-8p. Social Security Ruling 96-9p addresses the issue of hand-held assistive devices, as follows:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7 (S.S.A. July 2, 1996). "If a cane is not medically necessary, it cannot be considered a restriction or limitation on the

9

plaintiff's ability to work, *Carreon v. Massanari*, 51 Fed. Appx. 571, 575 (6th Cir. 2002), and the administrative law judge is not required to reduce the claimant's RFC accordingly." *Lowe v. Comm'r of Soc. Sec.*, 2016 WL 3397428 at * 6 (S.D. Ohio June 21, 2016) (citing *Casey v. Sec'y of Health Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Here, the ALJ found that if Plaintiff used an ambulatory device during the relevant period, it "has not been shown by persuasive evidence that such an ambulatory aid is medically necessary or that one was prescribed for long term use." (Tr. 32). In this regard the ALJ noted that treatment notes indicated that Plaintiff ambulated with a steady gait. (Tr. 32). The ALJ further noted that a comprehensive summary of detailing Plaintiff's condition in August 2020, did not reference the need for an ambulatory device. (Tr. 32). As noted by the Commissioner, Plaintiff was often noted to have a normal gait without an assistive device from June 2018 through March 2020 (Tr. 428, 447-48, 462, 473, 489, 769, 847, 882, 887, 894, 901, 939, 965, 971, 1488, 1507, 1561, 1606, 1609, 1612, 1679, 2131, 2512-13, 2538, 3108, 3203, 4583, 4560, 4569, 4527, 4543, 4593).

Plaintiff, however, argues that the record indicates that in June 2018, Andrew Toller, a licensed physician assistant, prescribed Plaintiff a large base quad cane. However, a review of the record indicates that PA Toller simply indicated that Plaintiff should receive a quad cane (Tr. 427). He failed to include any details regarding the circumstances under which Plaintiff required that cane or how long she was expected to use the cane as required by SSR 96-9p.

Even assuming PA Toller prescribed Plaintiff a cane, it is well established that a mere prescription for a cane is not sufficient to demonstrate that a cane is medically necessary. (See *Golden v. Berryhill*, 2018 WL 7079506 at * 19 (N.D. Ohio Dec. 12, 2018)

10

("Moreover, as Dr. Balaji's confirmation of a cane prescription does not indicate 'the circumstances for which [the cane] is needed,' it does not fulfil the requirements under SSR 96-9p."); *Krieger v. Comm'r of Soc. Sec.*, 2019 WL 1146356 at * 6 (S.D. Ohio March 13, 2019) (finding ALJ did not err in not including a limitation for a cane where physician indicated claimant would need a cane but did not describe the specific circumstances for which a cane is needed as required by SSR 96-9p); *Salem v. Colvin*, 2015 WL 12732456 *4 (E.D. Mich. Aug. 3, 2015) (finding the ALJ did not err in not including a limitation for a cane, when it had been prescribed, but the prescription did not "indicate the circumstances in which [the claimant] might require the use of a cane."); *Marko v. Comm'r of Soc. Sec.*, 2017 WL 3116246 at *5 (E.D. Mich. July 21, 2017) (rejecting claimant's assertion that the ALJ failed to account for her use of a cane, stating that nothing in the physician's "mere prescription for a cane provides evidence to indicate the frequency with which the cane should be used, its purpose, or its limit upon Plaintiff's ability to perform light work" (citations omitted)).

In light of the foregoing, the ALJ reasonably found that Plaintiff's use of a cane was not medically necessary. (Tr. 32).

### III. Conclusion

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and is **AFFIRMED**, and that this case is **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

11